## UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                      )
INCIPIO TECHNOLOGIES, INC.,            )
                                      )
                                      )
                 Plaintiff,            )    Court No. 19-00097
         v.                            )
                                      )
UNITED STATES,                         )
                                      )
                 Defendant.            )
_____)

## **COMPLAINT**

Plaintiff, Incipio Technologies Inc. ("Incipio"), through its undersigned attorneys, alleges the following as its complaint in this case:

1. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

2. Plaintiff is the importer of record of the subject merchandise.

3. The protest[s] and summons in this action were timely filed.

4. All liquidated duties, charges and exactions were paid prior to the commencement of this action.

5. The subject merchandise consists of smartphone covers, electronic tablet covers and media player covers ("covers").

6. Each model cover at issue is fabricated predominately of plastic and/or silicone and is designed to allow the user to operate the fully functional smartphone, electronic tablet, and/or media player while it is in the cover.

7. The subject merchandise was classified upon liquidation under subheading 4202.92.90 or 4202.99.90, HTSUS, and was assessed with duty at the rates of 17.6% or 20% *ad valorem*.

8. Heading 4202, HTSUS, provides for "[t]runks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, insulated food or beverage bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper."

9. The subject covers are not a type of container provided for by name in heading 4202, HTSUS.

10. The covers at issue are not similar to the containers of heading 4202, HTSUS, because they do not organize, store, or carry items within the meaning of heading 4202, HTSUS.

11. The primary purpose of the covers is to provide some protection to smartphones, electronic tablets, or media players, while allowing an individual to operate the smartphone, electronic tablet, or media player while the device is in the cover, and this primary purpose is inconsistent with the exemplars listed in heading 4202, HTSUS.

12. Each model cover is predominantly of plastic and is classifiable under subheading 3926.90.99, HTSUS, as "[o]ther articles of plastics and articles of other materials of headings 3901 to 3914: [o]ther: [o]ther," at a duty rate of 5.3% *ad valorem*.

**WHEREFORE**, plaintiff respectfully requests that U.S. Customs and Border Protection's ("Customs") classification upon liquidation of the subject merchandise be overruled, that the claimed classification for the subject merchandise under subheading 3926.90.99, HTSUS, be sustained; and that the appropriate Customs official be directed to reliquidate the involved entry accordingly, and to refund the excess duties collected, with lawful interest, and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

    Respectfully submitted,

    GRUNFELD, DESIDERIO, LEBOWITZ
    SILVERMAN & KLESTADT, LLP
    Attorneys for Plaintiff

By:  s/ Heather Litman
    Heather Litman
    Erik D. Smithweiss
    707 Wilshire Boulevard
    Suite 4150
    Los Angeles, CA 90017
    Tel. 213-624-1970
    hlitman@gdlsk.com
    esmithweiss@gdlsk.com

Dated:  Los Angeles, CA
        June 29, 2023